# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

vs.                                                     **No. CV 10-1163 WJ/DJS**
                                                                  **CR 07-1769 WJ**

**JOSEPH RUIZ,**

    **Defendant/Movant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant Joseph Ruiz's ("Ruiz's") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. [CV Doc. No. 3.][2] Ruiz attacks the judgment and sentence entered by the United States District Court for the District of New Mexico in *United States v. Ruiz*, No. CR 07-1769 WJ. Ruiz, proceeding pro se, contends the Supreme Court's decision in *United States v. Skilling*, – U.S. – , 130 S.Ct. 2896 (2010), requires this Court to vacate each of his thirty counts of conviction. As Ruiz is proceeding pro se, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972).

---

[1] Within fourteen (14) days after a party is served a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the United States District Court within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

[2] Further references herein to documents in CV 10-1163 WJ/DJS, the civil action under §2255, will be in the format, "CV Doc. __." References to documents filed in *United States v. Ruiz*, CR 07-1769 WJ will be referred to as "CR Doc. __."

On January 5, 2011, the United States filed its response to Ruiz's motion and requested the motion be dismissed. [CV Doc. 5]  On January 25, 2011, Ruiz filed a reply. [CV Doc. 6.]

When a federal prisoner files a petition for post-conviction relief, the district court must hold an evidentiary hearing on the prisoner's claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Moreover, a hearing is not required when issues raised by a defendant can be resolved on the basis of evidence on the record. *See United States v. Hardridge*, 285 F.App'x 511, 517 (10th Cir. 2008).  Because the record conclusively shows that Mr. Ruiz is not entitled to relief, a hearing is not warranted

## I.  Procedural Background

On August 23, 2007, a federal grand jury returned a 31-count indictment against Mr. Ruiz. [CR Doc. No. 2]  Specifically, Counts 1-2 accused Mr. Ruiz of mail fraud, in violation of 18 U.S.C. §§1341 and 1346; Counts 3-13 accused Mr. Ruiz of wire fraud, in violation of 18 U.S.C. §§1343 and 1346; Counts 14-20 accused Mr. Ruiz of corrupt solicitation by agent of organization, in violation of 18 U.S.C. §666; Counts 21-31 accused Mr. Ruiz of extortion, in violation of the Hobbs Act, 18 U.S.C. §1951. *Id.*  In addition, every count also accused Mr. Ruiz of aiding and abetting, in violation of 18 U.S.C. §2.  On December 12, 2007, the Court granted the government's motion to dismiss Count 3. [CR Doc. 30]

On January 28, 2008, the jury found Mr. Ruiz guilty of all 30 of the remaining counts. [CR Doc.  69]  On July 15, 2008, the district court sentenced Mr. Ruiz to 48 months in prison followed by two years of supervised release on each count, to be served concurrently. [CR Doc.103]  Mr. Ruiz appealed his conviction. [CR Doc. 109]  On December 29, 2010, the Court

of Appeals for the Tenth Circuit affirmed Mr. Ruiz's conviction. *United States v. Ruiz*, 589 F.3d 1310 (10th Cir. 2009).

## II.  Discussion

The Court of Appeals for the Tenth Circuit succinctly set forth the following facts:

> Mr. Ruiz's scheme was simple.  First, he would detect licensing violations by various insurers and threaten them with the maximum possible fines.  Then, he would inform the insurers that they could avoid paying the fines if they contributed ten to twenty percent of the fine amount to two specific charities with which he and Mr. Serna[3] were connected, the Con Alma Health Foundation ("Con Alma") and the Southwestern Arts Institute ("SAI").
>
> Generally, insurers that agreed to contribute to one or both of the charities were not fined and were placed in good standing with the insurance department, and no record of their violations was ever made.  On the other hand, if insurers rejected the charitable-contribution option they ultimately paid a lower fine than that with which they were originally threatened, but the fine amounts were greater than the charitable contribution Mr. Ruiz sought.  Furthermore, these non-cooperating insurers' licensing violations were made public and forwarded to the National Association of Insurance Commissioners.  In one case, an insurer agreed to make a charitable contribution in lieu of paying a fine, but when it suggested that it would like to contribute to a charity other than Con Alma or SAI, Mr. Ruiz changed course and demanded it pay the fine.

*Ruiz*, 589 F.3d at 1311-12.

Mr. Ruiz contends the Court should "overturn his case" or "be sent home immediately and 'restitution' be eliminated." [CV Doc.3, p.8]  Mr. Ruiz claims he is entitled to this relief based on the holding in *Skilling v. United States*, – U.S. – , 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010).  In *Skilling*, the Supreme Court held that the honest-services form of the mail-fraud offense under 18 U.S.C. §1346 covers only bribery and kickback schemes.  Mr. Ruiz argues he

---

[3] Eric Serna became the superintendent of New Mexico's insurance division in 2001. Mr. Serna hired Mr. Ruiz as a deputy superintendent.

did not violate the honest-services form of mail-fraud under §1346 as he "never received one cent in personal gain in my attempt to help those in need." [CV Doc.3, p.7]

However, the Court of Appeals found "[t]he government demonstrated that Mr. Ruiz successfully solicited more than $150,000 for the two charities and <u>personally received over $1500 in royalties</u> from books purchased with funds 'donated' by insurance companies during the course of the scheme." *Ruiz*, 589 F.3d at 1312 (emphasis added). Mr. Ruiz counters that he received the $1500 in error. Nonetheless, based on the Court of Appeals' finding, Mr. Ruiz is not entitled to collateral relief based on the holding in *Skilling* as his conduct did involve bribery and kickbacks. Moreover, as the government points out, because the jury determined that Mr. Ruiz fraudulently obtained money and property, a finding that Mr. Ruiz engaged in a scheme to defraud as defined by §1346 is not necessary to sustain any of his mail or wire fraud convictions. Finally, Mr. Ruiz's convictions under the Hobbs Act and corrupt solicitation by an agent of an organization do not implicate §1346. Accordingly, the holding in *Skilling* would have no bearing on these convictions.

## Recommended Disposition

After reviewing the record and the parties' arguments, the Court concludes that *Skilling v. United States*, – U.S. – , 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010) does not require the Court to vacate Mr. Ruiz's convictions of multiple counts of honest services mail and wire fraud and recommends that the Motion to Vacate, Set Aside, or Correct Sentence be **DENIED** and the case be dismissed with prejudice.

_____
**DON J. SVET**
**United States Magistrate Judge**